*In re* MARRIAGE OF BARBARA SALES, Petitioner-Appellee, and WILLIAM A. SALES, Respondent-Appellant.

First District (1st Division)    No. 80-3045

Opinion filed May 3, 1982.

Mel Sloan, of Chicago, for appellant.

Howard H. Rosenfeld and Alan M. Goldberg, both of Rosenfeld, Hafron & Shapiro, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Respondent appeals from the judgment entered in a dissolution of marriage proceeding. On appeal, respondent contends the trial court (1) abused its discretion in distributing the marital property; (2) abused its discretion in awarding petitioner $1000 per month in maintenance; and (3) erred in denying respondent a hearing on attorney fees.

We affirm in part, as modified, reverse in part, and remand.

Initially, we note that this action should have been filed in Lake County, where the parties were domiciled prior to the dissolution of marriage. Section 104 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 104) provides that proceedings are to be conducted in the county where petitioner or respondent resides. This section is not an idle directive from the legislature which may be disregarded as the parties choose. As noted in *In re Marriage of Jones* (1982), 104 Ill. App. 3d 490, wherein a similar venue problem existed, the parties should have advised the court that venue was not proper and obtained an appropriate order waiving the venue requirement and granting leave to file the petition. Nonetheless, despite the parties' failure to comply with section 104, we elect to consider this appeal.

The following evidence was adduced during the hearings in the court below. Petitioner and respondent had been married 27 years and reared four children. The children were past the age of majority. When respondent became unemployed in 1970, petitioner began working and continued until 1976. She quit working because of arthritis.

The parties stipulated that all property was marital property. The primary assets were the marital residence, three businesses in which respondent had interests, and an airplane. Regarding the marital residence, petitioner testified that a realtor estimated the value at $135,000. Respondent believed the house was worth approximately $180,000. The balance on the mortgage was approximately $20,000 to $25,000.

Respondent also had an 80% interest in William A. Sales Industries, a partnership which owns and leases the realty in which respondent operates William A. Sales, Limited. The downpayment on partnership property was made with funds from the parties' savings accounts and, at the time of the hearings, the realty had an appraised value of $200,000. The remainder on the principal of the mortgage was approximately $93,000. Each year, the partnership collected $8000 in rental income. Respondent's income from the partnership as reflected on his 1976, 1977 and 1978 personal tax returns was $605, $6,116, and $1,775, respectively.

Respondent had a two-thirds interest in William A. Sales, Limited, a company which manufactures laboratory glassware. The parties' home was remortgaged to finance the business. As president and principal salesman, respondent was entitled to $36,000 per year in salary. His net pay per month based on this figure was $2,100. However, respondent did not receive his full salary in years of limited cash flow. Respondent's expert valued this business between $50,000 and $60,000. Petitioner testified that respondent told her it was worth approximately $300,000.

Respondent owned a 50% interest in William A. Sales, Limited of New Jersey. He testified that he received one-half of the $6000 paid by the company in commissions in 1977. He further testified that he received none of the $8,500 paid in commissions in 1978.

Respondent also claims a 50% interest in an airplane used almost exclusively for business purposes. Respondent contributed one-half or $12,500 of the purchase price but reports all the rental income, depreciation, and expenses on his personal tax returns.

The balance in petitioner's savings account was $1,500. She also had $2000 in an Individual Retirement Account (IRA). Respondent testified he had $800 in a checking account and $4,500 in two IRAs.

After the hearing, the trial court entered a judgment which provided, in part, as follows. Petitioner was to have possession of the marital residence and personalty contained therein, receive $1000 per month maintenance, and obtain 20% of respondent's interest in William A. Sales Industries. Respondent was to provide petitioner with a hospitalization policy and a new car. Respondent retained his interests in William A. Sales, Limited, William A. Sales, Limited of New Jersey, and the airplane. He was also ordered to pay one-half of petitioner's $10,000 attorney fees and $6,441.62 in arrearages resulting from his failure to pay support pursuant to a temporary order.

■■ First, respondent contends that the trial court erred in failing to assign a specific value to each marital asset. The Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) requires only that evidence of value be introduced and does not require the trial court to determine and articulate an actual value. (*In re Marriage of Hyland* (1981), 95 Ill. App. 3d 31, 419 N.E.2d 662; *In re Marriage of Thompson* (1979), 79 Ill. App. 3d 310, 398 N.E.2d 17.) Thus, respondent's contention to the contrary is without merit.

Second, respondent contends the trial court abused its discretion in distributing the marital property. Section 503 of the Act (Ill. Rev. Stat. 1979, ch. 40, par. 503) lists the factors to be considered by the trial court regarding distribution. Where the trial court considers these factors, its decision will not be reversed absent an abuse of discretion. *In re Marriage of Smith* (1980), 90 Ill. App. 3d 168, 412 N.E.2d 985.

■■ The only aspect of the distribution which disturbs this court is the award to petitioner of 20% of respondent's interest in William A. Sales Industries. In dissolution of marriage proceedings, courts should seek to minimize further business dealings between the parties. Division of small businesses or closely held corporations is particularly disadvantageous where it would require ongoing business association between the parties and the record reflects animosity between the parties. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 426 N.E.2d 1087; *In re Marriage of Kennedy* (1981), 94 Ill. App. 3d 537, 418 N.E.2d 947.) In the case at bar, there was sufficient other property from which to award petitioner an equitable share without dividing respondent's interest in the partnership. Furthermore, respondent's retention of his interest in the partnership would serve to advance one purpose of the Act, namely cutting off entitlements so the parties can go their separate ways. (*In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321.) We, therefore, modify that portion of the judgment awarding petitioner a 20% interest in William A. Sales Industries.

■■ Regarding the other aspects of the distribution, we find no abuse of discretion. Evidence was introduced on the value of the marital residence, the businesses owned by respondent and the airplane. The record indicates that the trial court was aware of and considered the age, health, occupations, amounts and sources of income, employability, needs and economic circumstances of each party as well as the opportunity of each party for the future acquisition of capital assets. The parties had been married for 27 years and reared four children and the trial court properly considered petitioner's contribution as a homemaker and parent during this time. (*In re Marriage of Komnick* (1981), 84 Ill. 2d 89, 417 N.E.2d 1305.) The trial court heard the evidence and observed the witnesses and was in a better position than this court to determine the equities.

Third, respondent contends the amount of maintenance awarded petitioner is excessive. An award of maintenance is within the discretion of the trial court. (*In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321; *In re Marriage of Reyna* (1979), 78 Ill. App. 3d 1010, 398 N.E.2d 641.) The criteria for determining the amount and duration of the award are enunciated in section 504 of the Act. Ill. Rev. Stat. 1979, ch. 40, par. 504.

■■ In the case at bar, the trial court found respondent's economic position to be superior to that of petitioner. Indeed, respondent was employed, owned his own businesses, and pursuant to this court's action, retains his full interest in them. On the other hand, petitioner was unable to meet her expenses regardless of the allocation of marital assets. The property awarded to her was not income-producing property nor was it readily convertible to cash. She had been employed only 6 of the 27 years

of marriage. She testified that the few skills she had were difficult to perform because of arthritis. The only source of income other than support from respondent was from house-sitting and occasionally caring for others' children. Also, petitioner was to pay the mortgage, taxes, and maintenance expenses for the residence. We find that this evidence supports the $1000 per month award of maintenance.

Fourth, respondent contends the trial court erred in refusing to grant a hearing on the award of attorney fees. On April 10, 1980, the petition for fees and the supporting affidavit were filed. A hearing on this petition and other motions was set for June 6, 1980. There is no evidence that this hearing was held and the record reflects petitioner's recognition of this fact. However, a judgment ordering respondent to pay $5000 of the $10,000 fee was entered on September 23, 1980. On October 22, 1980, respondent filed a motion to vacate the judgment order alleging that fees could not be awarded properly without a full and complete hearing.

■■ We believe the better procedure in this case would be to grant respondent a hearing on the issue of fees. From the facts, it appears that respondent reasonably believed a hearing would be held prior to the entry of an order on the issue and wanted this hearing. Where a hearing is requested, one should be granted. (*Scott v. Scott* (1979), 72 Ill. App. 3d 117, 389 N.E.2d 1271, citing *Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 363 N.E.2d 156.) We are cognizant of the trial court's familiarity with the parties' financial positions and the nature of the case. However, respondent should be permitted to present evidence or challenge the amount and reasonableness of the fees.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, as modified, reversed in part, and the cause is remanded for further proceedings.

Judgment affirmed in part, as modified; reversed in part; cause remanded.

CAMPBELL, P. J., and O'CONNOR, J., concur.