*In re* MARRIAGE OF MARTHA PANCNER, Petitioner-Appellant, and FERDINAND PANCNER, Respondent-Appellee.

First District (1st Division)   No. 81—2092

Opinion filed December 27, 1982.—Rehearing denied January 31, 1983.

Grant and Grant and Jerome Marvin Kaplan, both of Chicago, for appellant.

Lawrence Jay Weiner and Fredric Bryan Lesser, both of Weiner, Neuman, Rosenblum & Spak, and Samuel A. Rinella and Barry A. Schatz, of Rinella & Rinella, all of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Petitioner, Martha Pancner, appeals from the judgment entered in the dissolution of marriage proceedings. On appeal petitioner raises the following issues: (1) whether the trial court erred in determining that the parties' gift business was nonmarital property; (2) whether the marital property was divided in just proportions; (3) whether the maintenance awarded to the wife was sufficient; and (4) whether the trial court erred in ordering each party to pay their own attorney fees.

Martha Pancner, petitioner, and Ferdinand Pancner, respondent, were married on March 13, 1970. At the time of the marriage, the wife was 54 years old and the husband was 78 years old. Respondent had been married to his first wife for 49 years before her death in 1967. He and his first wife had two sons and five grandchildren. Since 1913 respondent owned and operated an import store in Chicago where he sold gifts, books, crystal, stationery and a variety of other goods. In addition, respondent was an agent for a foreign currency service known as "Tuzex."

Petitioner was born in Czechoslovakia, where she attended college. She was employed for 16 years as assistant curator of art in the Art Institute of Prague. She spoke Czech, German and English. The wife had been married twice before she met respondent. One marriage ended in death, the other in divorce. She had two sons by her first marriage. In 1966, petitioner emigrated to the United States. She met respondent while she was working as a waitress in a restaurant near his gift shop. For four months prior to their marriage, she was employed part-time arranging window displays in the gift shop.

Petitioner testified that during the marriage she maintained the marital home and cooked and cared for her husband. She testified that she also performed numerous services for the business including taking inventory of merchandise, filling out Tuzex forms, maintaining the business' correspondence in German and Czech, cooking lunch for the shop's employees and writing articles and catalogs about the shop's crystal and books. The marital residence was above the gift shop.

The parties lived together from the time of the marriage until June 26, 1980, when they separated. In August 1980 petitioner went to the

Toronto, Canada, office of the Swiss bank at which the parties had an account and, through her power of attorney over the account, she closed the account and transferred the funds into the account of her son by a previous marriage. She rescinded the order to place the funds in her son's name and in November, placed the funds in an account in her own name. Judgment for dissolution of marriage was entered on August 18, 1981.

The court found the following property of petitioner to be nonmarital and awarded it to her: $18,500 in several savings accounts and certificates of deposit in her name, several art objects that were gifts from her parents, and two rings and a camera that were gifts from respondent. The court found the following property of respondent to be nonmarital and awarded it to him: the F. Pancner Gift and Import business, real estate which housed the gift business and marital residence valued at $100,000, and a certificate of deposit of $20,000 in his name. The court found the following property to be marital property: a condominium apartment in Florida valued at $65,000, a 1971 Buick automobile, $70,000 in savings accounts and certificates of deposit in the name of the husband, $9,000 in a business savings account, an account in the husband's name at Credit Suisse of approximately $150,000, the inventory of F. Pancner Gift and Import business valued at $50,000, $40,000 in tax liability, and improvements to real estate inhabited by the wife's parents located in Prague, Czechoslovakia.

The trial court awarded petitioner the Florida condominium, the automobile and the real estate in Prague. The trial court awarded respondent the savings accounts and the certificates of deposit held in his name, the business accounts and the inventory of his business. The trial court also awarded respondent the Swiss bank account and made him liabile for the tax liability resulting therefrom. The court then awarded petitioner $36,000 in maintenance to be paid at the rate of $600 per month for 60 months, such payments to terminate upon the death of either party.

■ Petitioner first contends that the trial court erred in finding the business to be nonmarital property belonging to the respondent. Testimony at trial revealed that respondent had been in business for 60 years prior to the marriage and that his business had been located at its present address for over 40 years. Petitioner contends that the fact that both paties were designated as proprietors of the business on their joint tax returns shows an intent to convey the business as a gift to the marriage. Petitioner also argues that the business became marital property because of her contributions of time and knowledge of Czechoslovakian crystal which was reflected in the business' increased profit-

ability over the years of the marriage.

The designation of ownership on the parties' tax returns is too ambiguous in and of itself to evidence an intention to convey a gift to the marriage. (See *In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 422 N.E.2d 635.) The trial court may well have concluded that petitioner's efforts to improve respondent's nonmarital property were not sufficiently substantial nor directly responsible for its increase in net profits so as to convert the business into marital property. (*In re Marriage of Kennedy* (1981), 94 Ill. App. 3d 537, 547, 418 N.E.2d 947, 954.) Under the evidence of this case, the trial court did not err in determining that the business was nonmarital property. We note that under section 503(c)(1) of the Illinois Marriage and Dissolution of Marriage Act a spouse's contributions to the appreciation in value of the other spouse's nonmarital property is one of the factors to consider in the division of marital property. Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(1).

■ Petitioner argues in the alternative that by finding the business to be nonmarital but the inventory to be marital property, the court improperly attributed dual characteristics to the same property in violation of the supreme court decision in *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239. Petitioner reasons that since the inventory which the court determined to be marital property was commingled with the nonmarital property, the business, the entire commingled property becomes marital property under *Smith*.

Respondent argues that *Smith* does not prevent the classification at bar. Respondent contends that a business' inventory is frequently considered to be a distinct asset from the business itself. Respondent argues that *Smith* rejected the concept that property may have the dual characteristics when applied to separate the value of nonmarital contributions which have been commingled with marital contributions in a single item of property. In the present case, respondent argues, the court assigned different characteristics to separate any distinguishable property items. We agree. During argument before this court, respondent stated that the parties had agreed that in the event the trial court ruled that the inventory purchased during the marriage was marital property, respondent would stipulate that the entire inventory was marital property because it was too costly to determine the value of the inventory acquired over the period of the marriage.

The trial court may well have determined that the business was respondent's nonmarital property while the inventory, a portion of which was purchased each year, was property acquired during the marriage. Moreover, the record indicates that the character of the business did not alter during the course of the marriage. The trial court did not

abuse its discretion in separating the inventory from the business for the purpose of determining marital and nonmarital property.

Further, the trial court did not err in failing to assign a value to the business since it had determined that the business was nonmarital property. *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636, 397 N.E.2d 488, 495.

■ Petitioner next contends that the division of the marital property was not in just proportions considering the factors in section 503 of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1979, ch. 40, par. 503.) Petitioner contends that the trial court failed to fully consider the contributions she made to the business, her efforts as a homemaker, the care she provided her husband after his two operations and the 10-year duration of their marriage. Furthermore, petitioner argues that the marital property which she did receive is nonliquid and non-income producing. Petitioner argues that the award of maintenance is insufficient to rectify the inequality of the property award.

Respondent argues that under subsection 503(5) one of the factors the court should consider in dividing marital property is the obligations and rights arising from prior marriages. Respondent asserts that he has an obligation to his two children and five grandchildren from his first marriage of 49 years. Respondent argues that he built up an estate for his family during the 60 years he was in business prior to the marriage. Now he is at an advanced age and in poor health necessitating constant medical attention. Respondent asserts that the trial court's distribution of marital property truly reflects the just and equitable shares.

The trial court's division of property will be reversed only where "no reasonable man would take the view adopted by the trial court." (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.) The record reflects that the parties were at an advanced age at the time they married and the marital property substantially represented assets produced by respondent's gift business which respondent had established long before the marriage. The court may have reasoned that in view of these factors respondent was entitled to a greater share of marital property under the statute. We cannot say that no reasonable man would take the view adopted by the trial court.

■ Petitioner next contends that under the circumstances of this case it was an abuse of discretion to award the petitioner maintenance in lieu of an adequate share of the marital property. Petitioner argues that because of her age and her few skills for employment it is unlikely that she will become self-sustaining before the maintenance payments

terminate either at respondent's death or at the expiration of the 60-month period. Petitioner argues that given established mortality rates, it is doubtful that respondent will survive the 60-month period of maintenance payments. Petitioner requests that the order of maintenance be reversed and that in lieu thereof she be awarded an adequate share of marital property in order to leave the marriage in a self-sufficient status.

The awarding of maintenance is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless it amounts to an abuse of discretion or is against the manifest weight of the evidence. (*In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 296, 426 N.E.2d 1066, 1068.) Such an abuse of discretion occurs only when no reasonable man would take the view adopted by the trial court. (*Asch.*) After reviewing the record and the factors found in section 504(b) to be considered in awarding maintenance, we cannot say that the maintenance order in this case constituted an abuse of discretion. Ill. Rev. Stat. 1979, ch. 40, par. 504(b).

The final contention raised by petitioner is that she should have been awarded attorney fees. The allowance of attorney fees in a divorce proceeding is also within the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 197 N.E.2d 42.) Under the facts of this case, the trial court did not abuse its discretion and commit reversible error by refusing to award the petitioner attorney fees.

Accordingly, the decision of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and O'CONNOR, JJ., concur.