*In re* MARRIAGE OF JANICE M. CABAJ, Petitioner-Appellee, and JAMES N. CABAJ, Respondent-Appellant.

First District (1st Division)   No. 82—2549

Opinion filed October 17, 1983.

Marvin A. Brusman and Stephen L. Baum, both of Chicago, for appellant.

Boyle and Heiss, Ltd., of Chicago (Frederick P. Heiss, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

In this marital case, James N. Cabaj (respondent) appeals from a judgment for dissolution entered in favor of Janice M. Cabaj (petitioner). The parties were married on June 16, 1962. They have three children: James M., born March 29, 1970; Debra L., July 10, 1973; and Kimberly A., October 15, 1974. The only points raised pertain to the division of marital property and the allowance of attorney fees to petitioner's counsel. The division of household assets was by agreement of the parties.

The parties lived in a jointly owned, six-room residence. An appraisal fixed the value of the premises at $81,000 subject to a mortgage of $15,011.20 with equity of $65,988.80. The mortgage is payable at $273.88 per month. The parties own a vacant lot in Florida jointly with petitioner's parents. The value of the lot is $3,000.

The husband is employed with a gross annual salary of about $25,000. He has a net take-home pay of $16,883 per year. He thought his biweekly net pay was approximately $655. The wife was employed prior to the birth of the first child. But, she has not worked regularly for some years. She is employed as a part-time domestic, from which she realizes about $200 per month. She has written a book which has been accepted for publication. She anticipates an advance which may possibly be slightly over $1,500.

The children are apparently in good health, except the older girl has disabilities because of her bad vision and hearing, and she also has a speech problem.

The respondent has pension rights in connection with a former

employment. He made contributions to the pension. A qualified actuary testified that the present cash value of the pension is $10,505.84. These pension payments are not available until respondent becomes 65 years old. He testified his checking account balance was $400 and that he has no other assets. He expressed the opinion that the health problems of the oldest daughter are improving. He presently owes his parents $2,000.

However, the respondent also has a serious problem with his vision. He has a disease of the eyes known as retinitis pigmentosis. He can no longer drive an automobile at night. In a motion filed by respondent's counsel after the entry of judgment herein (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203), counsel for respondent represented that he had inadvertently overlooked a letter from an eye surgeon. This letter, appended to respondent's motion, states respondent's vision is quite limited and "he is legally blind." The letter adds the prognosis is guarded and cannot be predicted.

The judgment for dissolution of marriage described the property of the parties and ordered:

(1) Respondent is to pay petitioner $234 every two weeks as unallocated maintenance and child support until the death of respondent.

(2) Respondent is to receive his entire pension fund from his former employment ($10,505.84).

(3) Respondent is to receive all of petitioner's one-half interest in the vacant land in Florida ($1,500).

(4) Respondent is to pay all extraordinary dental and health care for the minor children.

(5) Respondent is to pay a $2,000 debt due his parents.

(6) Respondent is also required to pay petitioner's attorney fees in the amount of $2,355 and court costs at the rate of $35 per month.

Petitioner is awarded:

(1) The marital home as her own property.

(2) In addition, petitioner is to be responsible for the debt of $1,600 due her parents.

Upon hearing the post-trial motion filed by respondent, the trial court modified the judgment order by providing that the unallocated maintenance and child support which is to be paid to petitioner by respondent is to be reviewed by a judge of the domestic relations division upon the emancipation of the youngest child. An appropriate order regarding maintenance and child support, depending upon the then respective financial circumstances of the parties, is to be entered at that time.

I

Respondent first contends the disposition of marital property by the trial court was unjust as a matter of law and indicated a lack of discretion by the trial court. The gist of this argument is the fact that the trial judge awarded the family residence entirely to the petitioner.

Division of marital property is covered by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 503(b)). The objective of this statute "is to achieve a division of property which is in 'just proportions.' " *In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 38, 411 N.E.2d 238.

Division of the marital property in just proportions does not necessarily limit the trial court to an equal division of the property. (*In re Marriage of Lloyd* (1980), 81 Ill. App. 3d 311, 312, 401 N.E.2d 328.) It is generally held that the division of marital property is a matter of discretion with the trial court. (*In re Marriage of Sales* (1982), 106 Ill. App. 3d 378, 380, 436 N.E.2d 23.) In this connection it has been stated that this court should reverse the division of marital property by the trial court "only where 'no reasonable man would take the view adopted by the trial court.' " *In re Marriage of Pancner* (1982), 111 Ill. App. 3d 546, 550, 444 N.E.2d 653, quoting *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126. See also *In re Marriage of Milovich* (1982), 105 Ill. App. 3d 596, 618, 434 N.E.2d 811.

Upon the application of these authorities, we have concluded that the distribution of property contained in the modified judgment appealed from should be affirmed with one additional modification. The disposition of property rights should also be modified with reference to the marital home. It may well be that this asset will be of great assistance to both parties in rearing the children. It does not appear wise to review the matters of maintenance and child support without also giving careful consideration to the ownership of the marital home and to its function in assisting the future life of the parties and their children.

This court has had occasion in the past to approve the allowance of a lien to one of the parties to make certain that upon disposition or sale of the property each of the parents should receive an equitable distribution. (See *In re Marriage of Panozzo* (1981), 93 Ill. App. 3d 1085, 1091-92, 418 N.E.2d 16.) In our opinion, the same theory should be applied to the case at bar.

It is accordingly ordered and directed that the judgment appealed from be further modified by a provision that upon any sale of the marital home prior to the emancipation of the youngest child, the respondent shall have a lien upon the proceeds of such sale and shall

receive therefrom 40% of the net proceeds. If said real estate remains unsold, the trial court shall reconsider a proper division thereof after emancipation of the youngest child at the same time that the court reviews the matter of maintenance and child support.

## II

The next issue is the amount of attorney fees allowed to petitioner. Respondent first cites *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 276, 411 N.E.2d 947, to the effect that neither spouse may recover attorney fees from the other without proof that one is unable to pay the fees and the other does in fact have ability to make such payment. In the instant case, the record shows that respondent, by virtue of his superior income, is presently more financially able to pay the fees than is petitioner.

Counsel for petitioner filed a petition for fees with the trial court. The lawyer testified that his noncourt time was 24 hours for which he made a charge of $70 per hour; and nine hours of court time charged at $100 per hour. The total of the fees was computed at $2,580 plus $175 for court costs. Of this total of $2,755, $400 was paid to petitioner's counsel by petitioner herself, leaving a balance of $2,355. After consideration of the entire record, the trial court allowed this balance to be paid by respondent at the rate of $35 per month. Under the rather unusual circumstances here, this court cannot say that these charges are reasonable and proper.

This court has specifically held that allowance of attorney fees is a matter of discretion and will not be lightly changed on appeal. *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 599, 400 N.E.2d 56. See also *In re Marriage of Keller* (1982), 108 Ill. App. 3d 556, 561, 439 N.E.2d 44.

However, in the case before us the financial position of these parents is indeed precarious. Under the circumstances here shown, the cost of upkeep and education of the children of these parties will create a difficult burden upon both of them. Thus, although we are cognizant of the excellent services performed by counsel in this case, we believe that this court has no fair and reasonable alternative other than to make a reduction in the amount of attorney fees to be paid to petitioner's counsel. This rests not upon the value of the services rendered by able counsel, but upon the unfortunate necessity of making certain that there will be sufficient funds available for support of the children.

In view of all of the unusual circumstances here, the judgment appealed from is further modified by reducing the total attorney

fees and costs to be paid by respondent to petitioner's attorney to $1,500 to be paid by respondent at the rate of $35 per month.

As modified in accordance with this opinion, the judgment appealed from is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.