Minna June **DARDICK**, Respondent,

v.

Leon M. **DARDICK**, Appellant.

No. 65348.

Supreme Court of Missouri,
En Banc.

May 15, 1984.

See also, 661 S.W.2d 538.

Jerome F. Raskas, David A. Smith, St. Louis, William D. Kimme, Isidore I. Lamke, Washington, for appellant.

Theodore S. Schechter, Clayton, William W. Eckelkamp, Washington, for respondent.

WELLIVER, Justice.

This is an appeal from a decree of dissolution. Appellant contends the trial court erred in failing to ascribe values to the items of marital property awarded to the parties; in awarding respondent an unjust portion of the marital property; and in awarding respondent $3,000 per month in maintenance and approximately $11,000 in attorney's fees and costs. The Court of Appeals, Eastern District, affirmed with one judge dissenting. The dissenting judge transferred the cause to this Court to resolve a conflict between the districts of the court of appeals on the question of whether, in the absence of a request for findings pursuant to Rule 73.01(a)(2), a trial judge must assign specific values to all property awarded in a dissolution decree when such values are in dispute. We affirm.

Appellant filed a petition for dissolution of marriage in response to respondent's suit for separate maintenance. During the parties twenty-five year marriage, they accumulated considerable assets. At the dissolution hearing, the parties and their expert witnesses testified as to the value of certain items of property. At the end of the hearing, respondent made a general request for findings of fact and conclusions of law. The parties submitted to the court proposed decrees that designated all property as either marital or separate property, ascribed a value to the property, and assigned the property to one of the parties.

The trial court, having found the marriage irretrievably broken, issued a decree substantially without specific findings showing the value of the parties' various assets. The decree set aside to respondent certain items as her separate property, several of which appellant had claimed as his separate property. The evidence in the record would have permitted the trial court to value these articles at $9,660, according to respondent's figures, or $23,475, according to appellant's estimates. Each of the parties also received $6,135 in cash as separate property, pursuant to a stipulation.

The trial court divided the marital property as shown below. The figures represent each party's estimation of the item's value, as reflected by the evidence in the record.

#### Property Awarded to Respondent

|  | Respondent's Estimated Value | Appellant's Estimated Value |
|---|---|---|
| Residence | $125,000 | $150,000 |
| Household Goods (Residence) | 11,770 | 37,480 |
| Various Shares of stock | 56,954 | 56,954 |
| Bank Account | 15 | 15 |
| Various Life Ins. Policies | 13,279 | 12,479 |
| Automobile | 1,075 | 1,075 |
|  | $208,093 | $258,003 |

#### Property Awarded to Appellant

|  | Respondent's Estimated Value | Appellant's Estimated Value |
|---|---|---|
| Interest in Farm | $54,000 | $35,400 |
| Household Goods (Apartment) | 6,125 | 3,115 |
| Bank Account | 1,629.50 | 1,629.50 |
| IRA | 6,047 | 6,047 |
| Stock | 49,168 | 49,168 |

Property Awarded to Appellant

| | Respondent's Estimated Value | Appellant's Estimated Value |
|---|---|---|
| Employee's Stock & Ownership Plan | no present value | no present value |
| Employee's Compensation Construction Agreement | no present value | no value specified |
| Great West Group Life Ins. | no cash value | no value specified |
| | $116,969.50 | $95,359.50 |

Appellant also was ordered to pay miscellaneous bills and loans totalling $2,550. Respondent was ordered to repay a $5,000 loan. Finally, the court ordered appellant to pay $10,892.50 in respondent's attorneys fees and costs and $3,000 per month to respondent as maintenance.

## I

■ Appellant first contends the trial court erred in failing to provide the "findings of fact and conclusions of law" respondent had requested. We find no merit in this contention for the reason given by Judge Welborn in *Snider v. Snider*, 570 S.W.2d 770 (Mo.App.1978), when confronted with this precise issue:

The difficulty with this position is that appellant overlooks the inadequacy, under the existing rule, of the request of respondent's counsel. Formerly Rule 73.01 required the trial court, upon request, to make "findings on any of the principal controverted fact issues." Presently Rule 73.01 requires specific factual findings only upon "such controverted fact issues as have been specified by counsel." Counsel for respondent in his motion stated no specific issues upon which findings were requested. If appellant wished the court to make findings on specific issues, it was his duty, in view of the inadequacy of the request of respondent's counsel, to specify the issues upon which findings were sought. Having failed to do so, appellant is in no position to assert error.

*Id.* at 774–75. Appellant's first point is denied.

## II

■ Appellant next contends that, irrespective of whether findings properly had been requested, § 452.330.1 of the Dissolution of Marriage Act requires findings of fact regarding the value of the marital property awarded in the decree. It is undisputed that § 452.330.1 does not by its express terms require a trial court to delineate in the record the value of all marital property. The statute provides only that the trial court "shall divide the marital property in such proportions as the court deems just after considering all relevant factors including: ... (2) the value of the property set apart to each spouse." Appellant argues that such findings are necessary in order to permit appellate review of the fairness of the property distribution. He claims that the dissolution decree issued below is incomplete and defective because it fails to ascribe values to significant items of marital property, the value of which was disputed at trial.

Appellant finds support for his position in decisions rendered by the Western and Southern Districts. The courts in these districts appear to require findings as to the value of significant items of marital property awarded unless the evidence of the value of such assets is substantially undisputed. *See Cavallaro v. Cavallaro*, 620 S.W.2d 420, 421 (Mo.App.1981); *Marks v. Marks*, 618 S.W.2d 249, 251 (Mo.App. 1981); *Merritt v. Merritt*, 616 S.W.2d 585, 587 (Mo.App.1981); *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 101–02 (Mo.App. 1981); *Wansing v. Wansing*, 612 S.W.2d 55, 56 (Mo.App.1981); *Glascock v. Glascock*, 607 S.W.2d 834, 835 (Mo.App.1980), after remand, 620 S.W.2d 413, 419 (1981);

*Wilhoit v. Wilhoit,* 599 S.W.2d 74, 78–79 (Mo.App.1980); *Hopkins v. Hopkins,* 597 S.W.2d 702, 709 (Mo.App.1980); *Fields v. Fields,* 584 S.W.2d 163, 167 (Mo.App.1979). The rationale for this rule can be summarized as follows: Section 452.330.1 requires the trial court to divide marital property in a just manner. In order to assess the fairness of a property distribution, it is necessary to aggregate the value of individual items of marital property. When the values of such items are disputed, it is impossible for an appellate court to reach an informed conclusion as to the fairness of the property distribution without detailed findings. *See Hopkins v. Hopkins, supra,* at 709.

The Eastern District, in contrast, consistently has held that absent a request for findings under Rule 73.01(a)(2) the trial court is not required to assign a value to each item on the property inventory. *See, e.g., Flach v. Flach,* 645 S.W.2d 718, 720 (Mo.App.1982); *Wachter v. Wachter,* 645 S.W.2d 111, 113 (Mo.App.1982); *In re Marriage of Meecey,* 603 S.W.2d 62, 63 (Mo.App.1980); *Waitsman v. Waitsman,* 599 S.W.2d 42, 43 (Mo.App.1980). When there are no detailed findings of facts, the Eastern District assumes the facts on appeal as having been found in accordance with the judgment. *See Walker v. Walker,* 631 S.W.2d 68, 71 (Mo.App.1982); *Kaczmarczyk v. Kaczmarczyk,* 593 S.W.2d 252, 253 (Mo.App.1980).

We generally do not require a trial court sitting as a fact finder to make specific findings on each disputed matter unless requested to do so. Rule 73.01(a)(2) provides that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Appellant argues that this rule has no place in the present context, contending that it is impossible to determine the value of an item "in accordance with the result reached" when conflicting evidence of its worth has been presented. *See also Hopkins v. Hopkins, supra,* at 709.

Appellant's argument is not without some merit, but we are not persuaded that we should read the rule he urges into the unambiguous language of § 452.330.1. We believe such a rule is unnecessary. When parties desire specific findings as to the value of items of marital property in order to prepare a complete record for appeal, such findings may be obtained by means of a proper request pursuant to Rule 73.-01(a)(2). We are not inclined to impose on trial courts the onerous burden of making detailed findings in the multitude of dissolution cases filling our courts when parties desiring such findings can, with the exercise of a modicum of foresight, obtain them with a simple request made in compliance with Rule 73.01(a)(2).

■ The rule sought by appellant also runs contrary to the established scope of appellate review in dissolution cases. We have indicated previously that the Dissolution of Marriage Act consigns the division of marital property to the sound discretion of the trial court. *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 64 (Mo. banc 1983). Appellate courts must defer to the trial court's judgment unless the judgment is improper under the principles of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown. *Colabianchi v. Colabianchi, supra,* at 62, 64. These firmly established principles do not countenance disturbing a trial court's decision merely because it lacks findings as to the value of the articles awarded in the dissolution decree so long as the trial court had before it proper evidence of value. It may be argued that review is made more difficult by the absence of detailed findings. Nevertheless, as this case demonstrates, appellate courts can evaluate the trial court's division of the marital property in a meaningful fashion based on the evidence in the record. Nothing in the statute suggests to us that the legislature contemplated a closer degree of scrutiny.

We hold that § 452.330.1 does not require specific findings of fact as to the value of the items of marital property awarded in the decree. Our holding is

consistent with the weight of authority from other jurisdictions which, like Missouri, have modeled their property distribution statute on the Uniform Marriage and Divorce Act, 9A U.L.A. 91, 143 (1979). *See, e.g., In re Marriage of Voight,* 111 Ill. App.3d 623, 67 Ill.Dec. 458, 461, 444 N.E.2d 694, 697 (1982) (trial court need not make specific findings of fact as to value so long as the evidence of value in the record is sufficient to enable the court to divide the property); *In re Marriage of Sales,* 106 Ill.App.3d 378, 62 Ill.Dec. 441, 443, 436 N.E.2d 23, 25 (1982) (statute requires only that evidence of value of marital assets be introduced and does not require trial court to articulate the actual value); *Harris v. Harris,* 616 P.2d 1099, 1102 (Mont.1980) (no findings necessary when there is evidence that court considered statutory factors); *In re Marriage of Hadley,* 88 Wash.2d 649, 565 P.2d 790 (1977). *But see In re Marriage of Wildin,* 39 Colo.App. 189, 563 P.2d 384 (1977) (findings must be so explicit as to give an appellate court a clear understanding of the basis of the decision); *Roberson v. Roberson,* 296 Minn. 476, 206 N.W.2d 347 (1973) (findings necessary where the record is not clear and facts are in dispute).

We have examined the record in the case before us and have concluded that there was sufficient evidence upon which the trial court could have determined the value of the property disposed of in the decree.

### III

Appellant claims that the trial court abused its discretion by awarding respondent an unjust portion of the marital property. The following chart sets out the proportions of the property each party received, calculated according their respective estimates of value:

|  | Respondent's Valuation | | Appellant's Valuation | |
|---|---|---|---|---|
|  | Gross | Net | Gross | Net |
| Respondent's Share | 64% | 66% | 73% | 75% |
| Appellant's Share | 36% | 34% | 27% | 25% |

■ Trial courts must divide marital property after considering, among other relevant factors, the criteria set out in § 452.330.1:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desireability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

*Id.* The statute requires a fair and equitable division of the marital property in light of the circumstances attending each individual case. It does not require an equal division of the property. *Lewis v. Lewis,* 637 S.W.2d 207, 209 (Mo.App.1982); *Walker v. Walker, supra,* at 71. A just division of the property cannot be accomplished by means of a mathematical formula or a rigid method. *Seiner v. Seiner,* 552 S.W.2d 54, 56 (Mo.App.1977); *Corder v. Corder,* 546 S.W.2d 798, 806 (Mo.App.1977). Consequently, the trial court is vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Colabianchi v. Colabianchi, supra,* at 64; *Metts v. Metts,* 625 S.W.2d 896, 899 (Mo.App. 1981).

■ We are not convinced the trial court's division of the marital property in

the instant case is so unreasonable as to constitute an abuse of discretion. There was evidence before the court that respondent, though she had not worked outside the home since shortly after she married appellant, had contributed to the household in her capacity as a homemaker. In addition, the court was entitled to believe that respondent, fifty-nine years of age, had few employable skills and would be unlikely to reacquire on her own the assets accumulated during the marriage. Appellant, in contrast, was fifty-three years of age, a certified public accountant and the president and chief executive officer of a corporation. The court may well have believed that appellant, with an income in excess of $90,000 annually, had the means to replace his portfolio of assets.

The trial court also could have given weight to the fact that respondent had been a faithful and loving wife throughout the parties' marriage. Contrary to appellant's claim, we do not believe that the court placed undue weight on evidence that appellant had a post-separation affair.

Finally, though we recognize that the equities of each case must be weighed individually, we note that divisions similar to the one in the instant case have been sustained in many prior cases. *See Gray v. Gray*, 654 S.W.2d 309 (Mo.App.1983); *In re Marriage of Pehle*, 622 S.W.2d 711 (Mo. App.1981); *In re Marriage of Smith*, 610 S.W.2d 426 (Mo.App.1980); *Madden v. Madden*, 585 S.W.2d 220 (Mo.App.1979); *D___L___L___ v. M___O___L___*, 574 S.W.2d 481 (Mo.App.1978); *Arp. v. Arp*, 572 S.W.2d 232 (Mo.App.1978); *In re Marriage of Burris*, 557 S.W.2d 917 (Mo.App. 1977).

### IV

Appellant contends the trial court abused its discretion in awarding respondent $3,000 per month in maintenance; in ordering him to pay respondent's attorneys fees and costs totalling approximately $11,000; and in awarding respondent certain items of separate property that he claimed as his own. We have reviewed the record with respect to each of these points and find sufficient evidence to support the judgment of the trial court.

The decree of the trial court is affirmed.

All concur.