Walter D. McQuie, Jr., Montgomery City, for respondent.

Daniel W. Deiter, Montgomery City, for appellant.

---

### In re the MARRIAGE OF Eileen M. FORTUNE, Respondent,

### and

### Jack Anthony Fortune, Appellant.

### No. 46580.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

CRIST, Presiding Judge.

Dissolution proceeding. We affirm.

Wife petitioned the circuit court for dissolution of her marriage to husband. Husband answered, denying the marriage was irretrievably broken. Trial court rendered judgment on October 19, 1982 in favor of wife's petition.

Husband asserts there was no finding of facts and conclusions of law to sustain the trial court's decision husband had behaved in such a way that wife found it intolerable to live with him. Sec. 452.320.2(1)(b) RSMo 1978. There was no transcript of the evidence, because the tape recording of the trial was erased without fault of either party. This court permitted husband to file copies of documents in lieu of a transcript.

The trial court made findings as follows: husband married wife who had seven chil-

dren (living at home) from a prior marriage. Difficulties arose ab initio concerning the children's behavior. The parties had diametrically opposed philosophies on how children should behave. These philosophical differences, coupled with husband's reactions to the behavior of the children made it impossible for the marriage to survive. Wife had no interest in trying to make the marriage work and would not participate in counseling.

The trial court further found wife could not reasonably be expected to live with husband in light of husband's behavior toward wife's children and the irreconcilable differences regarding the proper methods for child rearing.

Husband asked generally for findings of fact and conclusions of law. He did not ask for specific findings on any controverted fact issue as required by Rule 73.-01(a)(2). Accordingly, his point on appeal must be denied. *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc. 1984).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.