**Nola May FUQUA, Respondent,**

v.

**William Mack FUQUA, Appellant.**

**No. WD 40436.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1989.

Robert G. Fisher, Independence, Mo., for appellant.

William F. Burns, Independence, Mo., for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

GAITAN, Judge.

William Mack Fuqua (respondent-appellant), husband, appeals from a decree of dissolution of marriage challenging the division of marital property to his wife Nola May Fuqua (petitioner-respondent).

The parties were married on August 11, 1945 and separated on or about March 3, 1987. The Petition for Dissolution was filed by petitioner on March 4, 1987. On January 11, 1988, their dissolution was presented for trial, and after taking the matter under advisement the court rendered its decision on February 23, 1988 based upon the facts presented.

The evidence adduced at trial indicated that the parties moved to their home state of Tennessee shortly after their marriage in Nevada. While briefly residing in Tennessee, the parties acquired a parcel of real estate which they sold before moving to California. There was no profit made on that sale.

After taking up residence in the state of California, wife inherited a parcel of real estate known as 2660 Eldon Avenue, Costa Mesa, California, which was free and clear of any encumbrances. That property was later sold for $37,500. The parties jointly purchased other properties which were sold with a net gain of approximately $37,000. Husband failed to share these profits with wife.

Wife's stepfather inherited an apartment building located at 701 West Maple Street, Independence, Missouri, which was subsequently inherited by her mother. The property was then valued between $75,000 and $80,000. Wife's mother was instrumental in the purchase of property located at 628 West Lexington, Independence, Missouri, which was adjacent to and immediately behind the 701 West Maple Street property. Her mother purchased the 628 West Lexington property for either $12,000 or $15,000. Also wife's mother put a $10,-000 down payment on an eleven-acre tract located at 614 Dickinson Road, Independence, Missouri. This eleven-acre tract and house were purchased for $25,000 with the $15,000 note being signed by all three parties. At the time the note was signed, husband indicated that he did not intend to put any money down on the property and was only signing because his signature was needed to get the loan. Wife's mother began paying on the note with wife paying the balance after her mother's death with proceeds from her mother's estate. Wife inherited the properties at 701 West Maple and 628 West Lexington. The 614 Dickinson Road property was titled in the name of both husband and wife after probate. Wife stated that it was her mother's intention to leave that property only to her and she does not know how husband's name got on the deed. Husband did not put any actual money into this Dickinson Road property, however, he did contribute his labor.

The Dickinson Road property was subsequently divided into three parcels, 612, 614, and 618. Houses were put on 612 and 618. Both parties equally contributed to the improvement of the 612 property in the total amount of approximately $35,000. The money from the sale of 612, which was approximately $67,000, was divided 60/40 between wife and husband, respectively. Both parties deposited their share of the money into their individual certificates of deposit (C.D.) accounts. The parties resided at the 618 property until their separation.

In 1985, wife purchased a forty-six acre farm in Kentucky for a total of $40,000. She withdrew money from her C.D. account and put the money into the joint checking account to purchase the farm. The rent from the farm pays its own taxes, insurance and other expenses. Extra money from the rent was used to buy groceries for both parties. The farm is titled in the name of both parties.

The parties bought property located at 901 Dickinson Road and a duplex was put on that property. The house was remodeled by husband and later sold for $58,000–

59,000. Husband kept the profit, although wife did contribute her labor in remodeling the house. Property was also bought by both parties as 15211 Mayes Road. A house was built on that property and the entire lot was later sold for $49,000. The parties equally divided the profit. Each party deposited their share in their individual C.D. accounts. Husband purchased property at 1235 Dickinson Road with his own money, and profits from its sale were not divided.

During the course of the marriage, husband contributed to the household maintenance by growing and selling vegetables, beef and chickens and from buying and selling equipment, machinery and real estate. He also did remodeling on the apartments at 701 West Maple in exchange for rent at 618 Dickinson Road. Wife took care of the financial portion of the household. She paid all bills, taxes and insurance. On numerous occasions wife used funds from her separate C.D. account to pay their expenses.

Husband admits to one incident of adultery. However, wife stated that another incident occurred during their marriage. Husband also admits to striking his wife with his open hand on approximately seven occasions. Wife, however, states that he also hit her with his closed fist. Both parties admit to calling each other nasty names on several occasions. There was one incident where husband threatened to throw scalding water on his wife. The parties have not had sexual relations for the past 17 years. There was testimony that their relationship had turned into one of strictly business.

Husband first contends that the trial court's findings and judgment are unsupported by and are against the weight of the evidence. We disagree. It is well established that the standard of review in a court-tried case is to give due deference to the trial court judge in determining the credibility of the witness. Rule 73.01. The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneous-ly declares the law or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Grate v. Richards,* 689 S.W.2d 635, 637 (Mo.App. 1985). The appellate court should exercise the power to set aside the trial court's judgment "with caution and with the firm belief that the decree or judgment is wrong." *Murphy,* 536 S.W.2d at 32. Our review is confined to these standards for court-tried cases of any equitable nature. We affirm the trial court's judgment and find that the 76/24 division of all marital property supported by substantial evidence. *See Klenke v. Klenke,* 742 S.W.2d 621, 623 (Mo.App.1987).

The second point on appeal is that the trial court erred in its division of marital property in that it misapplied the law by treating property as separate which had been contributed to the marital pool. The Dissolution of Marriage Act, provides guidance in determining the classification of property as marital or separate. Section 452.330.1, RSMo 1986, states that "the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just." Marital property is defined as "all property acquired by either spouse subsequent to the marriage." § 452.330.2, RSMo 1986. Exceptions to this definition of marital property include property acquired by gift, bequest, devise or descent or property acquired in exchange thereto. § 452.330.2(1) and (2), RSMo 1986. There is a presumption that all property acquired subsequent to the marriage, regardless of whether title is held individually or jointly, is marital property. § 452.330.3, RSMo 1986. This presumption may be overcome by showing that the property was acquired in exchange for property acquired by gift, devise, bequest or descent, and that that transfer was not intended as a gift to the other spouse. *Frerichs v. Frerichs,* 704 S.W.2d 258, 262 (Mo.App.1986) (citing *Conrad v. Bowers,* 533 S.W.2d 614, 622 (Mo.App. 1975); *In re Marriage of Pate,* 591 S.W.2d 384 (Mo.App.1979)).

In the case at bar, the wife inherited several pieces of property (701 West Maple,

628 West Lexington and 614 Dickinson Road in Independence, Missouri, and 2660 Eldon Avenue in California) which the trial court acknowledged in the dissolution decree. The court found and the evidence supports that wife used funds received from selling some of her inheritance properties to acquire additional properties. Those acquired properties were improved and sold by both parties, and the profits divided. In using the funds received from wife's inheritance to acquire additional properties, the acquired property and profits became marital property. "Such commingling may indicate on the part of the owning spouse to contribute his or her separate property to the marital estate." *See Corbett v. Corbett*, 728 S.W.2d 550, 554 (Mo.App.1987). When wife sold her inherited properties and combined those funds with husband's to acquire additional properties there existed an intent to contribute the separate property to the marital estate. The intent to contribute to the marital estate is a key factor in transmuting separate property to marital property. *Id.* at 553.

■ The original property identified as 614 Dickinson Road (currently 614 and 618) was titled in both parties' names. There was no evidence that wife tried to have the title changed. Thus, the presumption that joint titling constitutes a gift of the entire property to the marital estate still exists. *See Conrad v. Bowers*, 533 S.W.2d 614 (Mo.App.1975); *see also Layton v. Layton*, 673 S.W.2d 462, 464 (Mo.App.1984).

■ The money used to purchase the Kentucky farm was taken from wife's C.D. account and put into the parties' joint checking account. The farm is jointly titled. Any excess from rental of the farm was used to purchase groceries and other items for both parties. The presumption that marital property includes all property acquired subsequent to the marriage prevails unless it is otherwise overcome by clear and convincing evidence that the property was intended to be separate. *See Frerichs*, 704 S.W.2d at 262. Wife did not overcome such a presumption in the case at bar. Therefore, the trial court, in its dis-

cretion, determined that the Kentucky farm was also marital property.

Each party deposited their share of profits into separate individual C.D. accounts. The court found that the C.D. accounts were separate property. The dissolution decree specifically stated that husband's C.D. account was his separate property. Although there was no specific finding or statement in the decree that wife's account was also separate property, we will make that assumption in light of the decree as a whole.

■ Marital property can be transmuted from marital to separate if there is clear and convincing evidence that both parties intended that the property be excluded from their marital property. *In re Marriage of Salisbury*, 643 S.W.2d 821, 823 (Mo.App.1982). In the case at bar, the evidence is unequivocal that both parties intended for the funds to be their separate property. Although the monies in the C.D. accounts were obtained through the sale of marital property, however, both parties testified that they considered the accounts as their own separate property. This is clear and convincing evidence that those accounts were intended by the parties to be separate property. *Salisbury*, 643 S.W.2d at 823. Therefore, the trial court was correct in finding the C.D. accounts as separate property.

We believe that husband has misunderstood the decree of dissolution in that the court classified *all* of the current real property as jointly held, not as separate property as asserted by husband. However, although the court did indicate the specific property inherited by wife, it recognized that those properties had been contributed to the marital pool. Therefore, the trial court did not misapply the law by treating marital property as separate. This point has no merit.

■ Husband's third contention is that the trial court erred in its division of property in that it misapplied the source of funds rule. The sourse of funds rule "applies to property individually titled but *acquired* by a combination of traceable and ascertainable separate and marital funds or

property." Krauskopf, *The Transmutation and Source of Funds Rules in Division of Marital Property*, 50 Mo.L.Rev. 759, 768 (1985). The rule indicates that the character of property is determined by the source of funds financing the purchase. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 824 (Mo. banc 1984).

■ The source of funds rule is not applicable to the case at bar in that the property could be and was classified as either separate or marital. As stated above in the third point, the trial court determined that all of the current real property was marital, and the individual C.D. accounts were separate property. Therefore, this point is without merit.

■ The fourth point raised on appeal is that the trial court erred because it misapplied the law in basing its decision on the defendant's misconduct. This Court must affirm the trial court's decision if supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Conduct of parties during the marriage may be considered in distributing marital property. *Woods v. Woods*, 713 S.W.2d 292, 293–94 (Mo.App.1986).

In the case at bar, respondent admitted to at least one incident of adultery and several occurrences of physical abuse. Although it is contended that the trial court unfairly based its division of marital property on defendant's misconduct, the decree does not indicate that he was penalized for his affair and abuse. However, even if he was penalized, the court has discretion to divide marital property as it deems just, and marital misconduct is a specific factor that the court may consider under § 452.330.1(4), RSMo 1986. *See Corey v. Corey*, 712 S.W.2d 708, 710 (Mo.App.1986). We find no abuse of discretion.

■ The fifth contention by husband is that the trial court erred by failing to impute to wife the property she allegedly had concealed or wasted. The funds which husband claims were concealed or wasted were funds wife received from the sale of real estate; the proceeds of which were placed in wife's C.D. account. Based upon the evidence presented and in the trial court's discretion, the C.D. accounts were classified as separate property based on the intent of the parties. One of the incidents of separate property is that a party has the absolute right to deal with it as their own. *See Salisbury*, 643 S.W.2d at 824. It is the trial court's "prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony." *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). Absent an abuse of discretion, we must affirm the trial court's finding. Therefore, defendant loses on this point.

■ Husband's sixth contention is that the trial court erred and abused its discretion by failing to make adequate provisions for defendant's needs. In the case at bar, husband indicated in his finance statement submitted to the court that his monthly expenses totaled $970.00. However, he testified that $400.00 per month is a fair figure for his living expenses. The court found that defendant received $334.00 per month in social security and $500.00 per month in interest income. Additionally, husband has $50,000 in his C.D. account. The trial court did not abuse its discretion.

■ The seventh point on appeal is that the trial court erred in its division and abused its discretion by rendering a basically unfair division. Section 452.330.1(1)–(4), RSMo 1986 provides the guideline for the division of marital property. These factors include: (1) the contribution each spouse made to the acquisition of marital property; (2) the value of property set apart for each spouse; (3) the economic circumstance of each spouse upon the effective date of the property division; and (4) the conduct of each spouse during the marriage. The court has broad discretion to divide marital property as it deems just and equitable. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). The statute requires a fair and equitable division of marital property in light of the circumstances in each individual case. *Id.* A fair division is not necessarily an equal one, nor does the statute require an equal division.

*Id.* The "trial court is vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to abuse of discretion." *Id.* We have examined the record before us and conclude that there was sufficient evidence for the trial court's division of marital property. There was no abuse of discretion.

Husband's final point is that the trial court erred in overruling his motion to reopen the trial to consider evidence of alleged additional property. The funds which are referred to are in wife's individual C.D. account. The court in its decree presumptively designated these funds as separate property in compliance with the intent of the parties. Therefore for the reasons stated above in the fifth point, no error occurred in not reopening trial to consider these funds.

The judgment of the trial court is affirmed.

All concur.