

# Missouri Court of Appeals

## Southern District

### Division One

DANIEL EPPS,      )
      )
    Plaintiff-Respondent,  )
      )
   vs.    )    No. SD32870
      )
NANCY JANE EPPS,    )    **Filed:  July 24, 2014**
      )
    Defendant-Appellant,  )
      )
and WILLIAM WEGIS, JAMES A.  )
BOWERS, HEIDI L. WEGIS, MARY E.  )
BRUFFET, and LOUIS WEGIS, as trustees )
of the William and Pamela Wegis  )
Revocable Trust Dated September 18, 2001, )
      )
    Defendants.  )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable David P. Evans, Special Judge

### AFFIRMED

Nancy Jane Epps ("Appellant") appeals from a judgment entered against her for a

real estate commission.  The listing agreement and real estate contract was signed by her

1

daughter, who had been given a Durable Power of Attorney by Appellant.[1]  Appellant claims the issue before this Court is whether the Durable Power of Attorney given by Appellant conveyed general powers to the attorney-in-fact as provided in section 404.710,[2] thus making the listing agreement and contract for the sale of the property binding on Appellant.  Appellant's point misses the mark.

At this point, it does not matter whether the Durable Power of Attorney was defective because Appellant closed on the contract for sale procured by Respondent and ratified the attorney-in-fact's power under the Durable Power of Attorney to convey Appellant's real estate to the buyer procured by Respondent.  The trial court found that Respondent, a licensed broker-salesperson, produced a buyer ready, willing, and able to purchase or lease the property at the sale price or the rental rate and on the terms listed on a contract for which Respondent was to be paid a certain real estate commission.  That buyer brought suit seeking specific performance of the real estate sales contract and that suit was settled wherein Appellant conveyed the property to the buyer for the sales price that had been listed.  The sale closed and Appellant received the sales price.[3]  Appellant does not claim error in any of those findings.

Having ratified the existence of her daughter's power under the Durable Power of Attorney, Appellant cannot now seek to repudiate that ratification by asserting that her

---

[1] Appellant makes much of the issue that through the long history of the agent trying to obtain a listing directly from Appellant that the agent knew that Appellant did not agree to a listing and, therefore, obtained the contract for the sale of the property from her daughter.  The claimed misuse of the Durable Power of Attorney by Appellant's daughter has not been appealed and is not before us.

[2] All rule references are to Missouri Court Rules (2014), and all references to statutes are to RSMo 2000, unless otherwise specified.  Section 404.710 was amended in 2011; however, the Durable Power of Attorney at issue in this case was signed in 2003.

[3] The trial court also held that the Durable Power of Attorney included both the general powers granted by the statute as well as additional specific powers that are listed.  We do not address that issue as it is not necessary for a resolution of this matter.

2

daughter's power under the power of attorney was limited to conveying her real estate only to her trust or to a trust for her spouse. The facts of this case are straightforward: Appellant sold the real estate pursuant to the contract to the buyer who was procured by Respondent; she ratified the action of her agent by selling the property and may not now take the contrary position that there was no contract for the listing and sale of the property.

As the Springfield Court of Appeals stated over fifty years ago in **Wilks v. Stone**, 339 S.W.2d 590 (Mo. App. Spfd.D. 1960):

> As relates to agency, 'ratification' is an express or implied adoption or confirmation, with knowledge of all material matters, by one person of an act performed in his behalf by another who at that time assumed to act as his agent but lacked authority to do so. Ratification relates back and is the equivalent of authority at the commencement of the act. It is the affirmance of a contract already made. The existence of agency and the authority of the agent can be and often is implied by proof of facts, circumstances, words, acts, and conduct of the party to be charged. As applied to the agency or authority which is created or related back by means of ratification, it may be implied by any facts and circumstances from which it can be reasonably inferred that the party to be charged (with knowledge of the facts) acquiesced in and accepted the transaction as his own, or which are inconsistent with any other intention. The intent to ratify may be implied from the circumstances, and this implication may be made even though the person to be charged as principal may have had an intention *not* to ratify.
> As to what facts, circumstances, and conduct will justify the inference of agency, no fixed rule can be stated. There is no particular mode by which it must be established. It depends upon the situation in each individual case . . . .
> Probably the most certain evidence of implied ratification is the acceptance and retention of the fruits of the contract with full knowledge of the material facts of the transaction . . . .
> Since ratification may be established by facts and circumstances, it is sufficient to make a question for the trier of the fact if the whole sum total of the facts and circumstances justifies *the reasonable inference* that the party charged as principal accepted the transaction as his own. It is not necessary that each separate act, fact or circumstance stand on its own as proof sufficient to justify the inference. Each separate fact, act or circumstance is admissible if it *tends to establish* the agency, even though

3

only remotely relevant. Consequently a wide latitude is permitted in the introduction of evidence as to the circumstances, and objections to the reception of such evidence are not viewed with favor. If there is any dispute as to the facts, or if different inferences can reasonably be drawn, ratification is a question of fact to be determined by the trier of the fact and not by the court.

*Id.* at 595-96 (footnotes omitted); s*ee also **American Multi-Cinema, Inc. v. Talayna's N.W., Inc.***, 848 S.W.2d 557, 559-60 (Mo. App. E.D. 1993) (similar statement of the law quoting ***Wilks***). The facts previously described are substantial evidence that Appellant ratified the listing agreement and real estate contract, and we must affirm under any theory supported by the record. *Id.* at 560 ("The court did not issue findings of fact and conclusions of law, therefore, if the judgment can be affirmed under any theory we must do so."); Rule 73.01(c) ("All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.").[4]

Appellant's point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs

---

[4] Although Respondent made a request for findings of fact and conclusions of law generally, and the parties expressed an intention to submit requested findings of fact and conclusions of law, the trial court's docket sheet does not reflect that any request for specific findings or conclusions was filed with the trial court and none was included in the legal file provided to us. A general request for findings of fact is insufficient to require the trial court to make specific findings under Rule 73.01(c). ***Dardick v. Dardick***, 670 S.W.2d 865, 866-67 (Mo. banc 1984); ***Rocking H Trucking, LLC v. H.B.I.C., LLC***, 427 S.W.3d 891, 894 n.1 (Mo. App. W.D. 2014). As a result, we treat all fact issues upon which no specific findings were made as found in accordance with the judgment. Rule 73.01(c); ***Dardick***, 670 S.W.2d at 868; ***Pearson v. Koster***, 367 S.W.3d 36, 44 n.3, 52 (Mo. banc 2012). Even if specific findings of fact were requested properly but not made by the trial court, we still will affirm if we are able to make a meaningful review of the issues on appeal and the judgment is supported by the evidence as is true in this appeal. ***Hammons v. Ehney***, 924 S.W.2d 843, 850 (Mo. banc 1996); ***Sneil, LLC v. Tybe Learning Center, Inc.***, 370 S.W.3d 562, 567, 573-74 (Mo. banc 2012).