**Linda Ruth TURLEY, Appellant**

v.

**Larry J. TURLEY, Respondent.**

**No. 44772.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 22, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

John M. Williams, Flat River, for appellant.

Alice L.C. Kramer, Hollingsworth & Kramers, Hillsboro, for respondent.

SNYDER, Judge.

This is a dissolution action in which the wife [1] appeals from the trial court's order dividing the marital assets. The judgment is modified and as modified, affirmed.

The parties were married in 1968. Two children were born of the marriage, a girl and a boy who were 8 and 9 years of age respectively at the time of the trial. The trial court awarded primary custody of the children to the wife, and awarded the husband visitation and temporary custody rights. The husband was ordered to pay to the wife $35.00 per week per child for support and maintenance of the two minor children, and to maintain in full force and effect medical insurance for the children. No maintenance was awarded to either party. Neither party appealed from the judgment awarding child custody, support, visitation and temporary custody rights, nor from the failure to award maintenance.

The marital assets of the parties and their values as found by the court were:

| | | |
|---|---|---|
| Family Residence: | | $16,000.00 |
| Less: First Deed of Trust | $2,320.48 | |
| Second Deed of Trust | 5,756.23 | |
| Home Improvement Loan | 388.00 | $ 8,464.71 |
| Net Value: | | $ 7,535.29 |
| Household Furnishings | | $ 2,800.00 |
| 1976 Pontiac Grand Prix | | 2,500.00 |
| 1968 Plymouth Fury | | 600.00 |
| 1965 Plymouth | | 300.00 |
| ½ interest in a two-acre tract of land | | 1,000.00 |
| Tools | | 800.00 |
| Tax Refund | | 816.00 |
| Total | | $16,351.29 |

---

1. The parties will be referred to as husband and wife throughout the opinion.

The trial court divided the marital property as follows:

To the Husband:

| | |
|---|---|
| 1976 Pontiac | $ 2,500.00 |
| 1968 Plymouth | 600.00 |
| 1965 Plymouth | 300.00 |
| Tools | 800.00 |
| ½ Tax Refund | 408.00 |
| ½ Interest in 2-acre tract | 1,000.00 |
| Payment from the wife representing husband's share of equity in the family residence | 5,000.00 |
| Total | $10,608.00 |

To the Wife:

| | | |
|---|---|---|
| Family Residence | $ 2,535.29 | – ($16,000 less liens of $8,464.71 and payment to husband of $5,000) |
| Household Furnishings | 2,800.00 | |
| ½ Tax Refund | 408.00 | |
| Total | $ 5,743.29 | |

The wife's sole point relied on charges that the trial court's division of marital property was against the weight of the evidence. This court agrees, modifies the judgment, and affirms the judgment as modified.

Appellate review of court tried cases is governed by the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The trial court's judgment must be affirmed unless it is without substantial evidence to support it, is against the weight of the evidence or erroneously declares or applies the law. *Blessing v. Blessing,* 539 S.W.2d 699, 702 (Mo.App. 1976). "Appellate court should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron* at 32[1–3].

Heeding this admonition, this court nonetheless agrees with the appellant wife that the decree, as it divided the marital property, was against the weight of the evidence and must be modified.

The trial court must consider four non-exclusive factors in dividing marital assets. They are: (1) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker; (2) the value of the property set apart to each spouse; (3) the economic circumstances of each spouse; and (4) the conduct of the parties during the marriage. The trial court is vested with considerable discretion in ruling on a division of the assets, and it's judgment will not be disturbed absent a firm belief that an error has been made. § 452.330.1 RSMo. 1978. *In re Marriage of Strelow,* 581 S.W.2d 426, 430 (Mo.App.1979). When, however, the appellate court believes an error has been made, it is incumbent upon it to enter the judgment the trial court should have entered. *In re Marriage of Carmack,* 550 S.W.2d 815, 817[1, 2] (Mo.App.1977).

Evidence of the contribution of each spouse to the acquisition of marital assets is scant. The earnings of both parties were spent for living expenses and acquisition of the marital assets. The husband has worked for Chrysler Corporation since 1964. The wife was employed as a factory worker at least six years during the marriage. Their earnings were:

| | Wife | Husband |
|---|---|---|
| 1975 | $6,617.00 | $12,666.00 |
| 1976 | $5,256.00 | $11,028.35 |
| 1977 | $5,136.84 | $15,696.49 |
| 1978 | $7,511.04 | $16,877.71 |
| 1979 | $6,850.00 * | $16,239.00 |

* Including some unemployment compensation.

Currently the husband earns approximately $232.00 per week net. He contributed more to the acquisition of the marital assets than the wife from the standpoint of earned income, but the wife contributed her services as a homemaker.

There was no separate property set apart to either spouse.

The parties economic circumstances are unequal as demonstrated by their past earnings. There is no evidence that the wife has ever been able to earn more than the minimum wage, whereas the husband earned an average of $14,512.00 a year during the period 1975 to 1979 and more than $16,000 in both 1978 and 1979.

At the time of the trial, the wife was expecting to return to factory work, where she would earn the minimum wage of $3.10 an hour. There is no evidence to indicate the husband would not continue his employment at the Chrysler Corporation.

Neither party demonstrated exemplary conduct during the marriage. According to the husband, the wife denied him sex and belittled him when she became angry with him. He said her spells of anger could last for weeks at a time. The husband conceded, however, that the wife could be a good mother to the children when she wanted to be and that since the separation she has been conscientious about cooking for the children and sending them to school.

The wife described several instances of physical abuse by the husband. On one occasion the husband forced her from her parent's home at gunpoint. A minor scuffle ensued between the wife's father and her husband, causing the gun to discharge a bullet into the wife's back. The husband also drinks and has occasionally failed to return home before early morning. The husband admitted his wife's accusations, but says he has visited Alcoholics Anonymous for help. At his wife's suggestion he has also visited a psychiatrist. The psychiatrist advised the husband that he "gets worked up too easily" when he drinks.

Having considered these factors, this court finds that the trial court's award to the husband of assets having almost twice as much value as the assets awarded to the wife, to be against the weight of the evidence.

The spouse's contribution toward the acquisition of marital assets was approximately equal to that of the husband considering her contribution as a homemaker. The husband has a financial advantage over the wife when the economic circumstances and the future earning capacities of the spouses are compared.

Although both parties were guilty of misconduct during the marriage, the husband's physical abuse of the wife far outweighs her ill-treatment of him.

The husband's behavior casts upon the wife a greater share of the partnership burdens, and therefore, it is logical that she should be awarded more than approximately one-third of the partnership assets. *See, Rising v. Rising*, 608 S.W.2d 510, 512 (Mo. App.1980).

Accordingly, the trial court's judgment is modified as follows:

The entire tax refund made payable to both parties is awarded to the wife instead of to the parties in equal shares.

The wife is ordered to pay the husband the sum of $2,900.00 for his equity in the family residence, payment to be permitted at the rate of $100 per month, without interest. Payment may be accelerated at the option of the wife.

As modified, the division of the marital property shall be as follows:

To the Husband:

| | |
|---|---|
| 1976 Pontiac | $ 2,500.00 |
| 1968 Plymouth | 600.00 |
| 1965 Plymouth | 300.00 |
| Tools | 800.00 |
| ½ Interest in 2-acre tract of land | $ 1,000.00 |
| Payment from wife representing husband's equity in family residence | 2,900.00 |
| Total | $ 8,100.00 |

To the Wife:

| | | |
|---|---|---|
| Family Residence | | $16,000.00 |
| Less: | | |
| Total Liens | $8,464.71 | |
| Payment to Husband | 2,900.00 | $11,364.71 |
| | | |
| Net Value | | $4,635.29 |
| Household Furnishings | | 2,800.00 |
| Tax Refund | | 816.00 |
| | | $8,251.29 |

The judgment is affirmed as modified.

REINHARD, P.J., and CRIST, J., concur.