Edward E. POTTER,
Petitioner-Appellant,

v.

Joan C. POTTER,
Respondent-Respondent.

No. 14390.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 24, 1986.

John D. Beger, Rolla, for petitioner-appellant.

Ronald D. White, Rolla, Joseph W. Rigler, Joplin, J. Kent Robinson, Rolla, for respondent-respondent.

MAUS, Judge.

In this dissolution action, the judgment dissolving a marriage of 16 years duration contained the following additional provisions. Four children, ages 5 to 15 were placed in the primary custody of the husband. The marital property was divided equally. The wife was awarded $1,000 for a portion of her attorney's fees. The husband states three points on appeal. The wife does not appeal. The following is a sketch of the facts.

The parties were married on June 23, 1969, when the wife was 18 years old and the husband was 28 years old. They separated on July 14, 1984. During a substantial part of the marriage each party worked. At the time of trial the wife was employed as a secretary at a university in St. Louis, earning a net salary of $824 per month. The husband was employed in Rolla as an automobile sales manager. He earned a net salary of approximately $844 per month, plus commissions and the use of a new automobile with gasoline furnished. The wife planned to move to Texas a few days after the trial. She had been assured employment there at substantially the same salary she earned in St. Louis.

This court must review the husband's three points under the following admonitions. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(2). "Appellate courts must defer to the trial court's judgment unless the judgment is improper under the principles of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown." *Dardick v. Dardick,* 670 S.W.2d 865, 868 (Mo. banc 1984). "Appellate review of the trial court's exercise of discretion does not pivot on whether a reviewing court would have exercised its discretion in like manner, but whether the trial court abused its discretion." *In Re $29,000.00 in U.S. Currency,* 682 S.W.2d 68, 75 (Mo.App.1984).

The husband's first point is that the trial court erred in dividing the marital property equally. The equal division was accomplished by awarding the greater portion of the marital property to the husband and ordering the husband to make an equalizing payment of $25,000 to the wife. To support this point, the husband cites the wife's misconduct, the parties' equal earnings, his expense in rearing the children, and the absence of any productive property.

The husband concedes the parties contributed equally to the acquisition of the marital property. There were economic factors for the trial court to consider in addition to those cited by the husband. These include the fact that in addition to his salary, the husband was provided an automobile and gasoline and earned commissions. The amount of those commissions does not appear in the record. Further, the husband was awarded the family home and household goods. The wife was awarded miscellaneous personal property of the approximate value of $8,000. The trial court could have considered the equalizing payment to be necessary to allow the wife to provide herself with a home and household goods.

The wife did, with remarkable candor, admit being involved in affectionate relationships with three men during the marriage. Only the last such relationship resulted in sexual intercourse. That rela-

tionship was with a man the wife had known in high school. It did not develop until the parties were separated. These relationships were to be considered by the trial court. § 452.330.1(4); *Fausett v. Fausett*, 661 S.W.2d 614 (Mo.App.1983); *Abanathy v. Abanathy*, 657 S.W.2d 51 (Mo.App.1983). However, there was also evidence of the husband's conduct for the trial court to consider. From the evidence, the trial court could have found and considered the following. The husband extended no affection for the wife. He told her the only reason he married her when she was 18 years old was because she was pregnant. The husband was a domineering person. He did not allow the wife to wear makeup, jewelry, change her hair style or attend social functions, such as office parties. The husband had a violent temper which he displayed towards the wife and the children. By detrimental statements about her to the children, the husband had alienated the children from the wife. *In Re Marriage of Campbell*, 599 S.W.2d 256 (Mo.App.1980). The husband's conduct had caused the wife emotional problems and severe depression. "[T]he trial court is vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Dardick v. Dardick*, supra, at 869. Considering the requirement that the trial court consider all relevant factors, the record does not establish the trial court abused its discretion. Cf. *Kuester v. Kuester*, 633 S.W.2d 281 (Mo.App.1982).

■ The husband's second point is that the trial court erred in not awarding him child support. In support of that point he emphasizes the fact the parties had substantially equal salaries. There are circumstances which require a mother to pay child support. *Gray v. Gray*, 649 S.W.2d 908 (Mo.App.1983). However, the substantially equal salaries of the parties is not the only factor to be considered by the trial court. The additional economic factors have been previously discussed. Further, by statute, the trial court is directed to consider "[t]he

father's primary responsibility for support of his child; ...." § 452.340(1). Considering all factors, this court cannot find the failure to award the husband child support was an abuse of discretion. Cf. *Trunko v. Trunko*, 642 S.W.2d 673 (Mo.App.1982).

■ The husband's third point asserts error because of the award of attorney's fees of $1,000 to the wife. There was evidence the wife's attorney's fees would exceed $2,320. There was also evidence from which the trial court could find the wife's initial attorney withdrew because of a rumor the husband had instigated. This withdrawal resulted in extra attorney's fees to the wife in the amount of $1,000. Considering all relevant factors, as mandated by § 452.355, the trial court did not abuse its discretion in awarding $1,000 for attorney's fees to the wife. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.