**Richard M. FOWLER, Respondent,**

v.

**Virginia L. FOWLER, Appellant.**

**No. 15086.**

Missouri Court of Appeals,
Southern District,
Division One.

June 18, 1987.

Ronald J. Fuller, Rolla, for appellant.

No appearance for respondent.

HOLSTEIN, Judge.

A judgment was entered by the trial court dissolving the marriage of Richard M. Fowler ("Respondent") and Virginia L. Fowler ("Appellant"). The Court also divided personal property, real estate and debts of the parties. The only issue on appeal is whether the distribution of the marital real estate and the debt secured thereby was against the weight of the evidence in that the evidence did not support the court's order of distribution in view of the factors required to be considered under § 452.330.1, RSMo 1986.

The trial court must consider four nonexclusive factors in making a division of marital property. These factors are (1) the contribution of each spouse to the acquisition of the property, (2) the value of the property set aside to each spouse, (3) the economic circumstances of each spouse, including the desirability of awarding the family home or the right to live therein for a reasonable period of time to the spouse having custody of children, and (4) the conduct of the parties during the marriage. *Turley v. Turley*, 640 S.W.2d 473, 475 (Mo. App.1982) and § 452.330.1, RSMo 1986.

With these factors in mind, we review the evidence. This is the parties second marriage to each other. The marriage which is the subject of this dissolution action commenced on November 19, 1983. At the time of the trial, respondent was twenty-nine years old and employed as an assistant manager of a supermarket earning approximately $1,000.00 per month. Appellant was thirty-four years old and unemployed; however, she had been previously employed at several jobs earning minimum wage. No children were born of the mar-

riage. Each party had two children by prior marriages. Appellant had custody of her children by a decree in a prior dissolution. Respondent had custody of his two children by virtue of the consent of their mother. At the time of the last separation, all four children were living with the parties in the home.

On the day of the trial, the parties agreed that respondent was to receive a Toyota pickup, a Pinto automobile and certain household furniture which had been purchased by him after the separation. Respondent was to pay debts secured by the vehicles he received, and debts to Cardetti's Gas Service, Continental Telephone Company and a pharmacy. Under the agreement, the appellant was to receive a Dodge Aspen automobile, household furniture and various garden tools. The parties were unable to agree upon the disposition of the marital home and the debt secured by the home. All parties agreed that the home's value was $17,000.00 and the debt secured by the home also was in the sum of $17,000.00. At the time of trial, the respondent had kept all payments on the property current and was residing in the marital home.

During the marriage, the appellant had left the home twice prior to the final separation. On one occasion, she was having trouble coping with the four children in the home. As a result, she sought psychiatric help in St. Louis for several weeks, coming home only on weekends. The second occasion she left the home, she told respondent she was going to St. Louis to stay for a time with her mother. She did not communicate with respondent during the following six-week period. When she did contact him, he was told she was in California.

The final separation occurred October 13, 1985. The appellant claimed to have been ousted from the home by threats and abusive treatment by respondent. Respondent denied the threats and abusive treatment during the present marriage, although he admitted that during their prior marriage he had abused the appellant during the period of time that he had been addicted to alcohol. When appellant finally left the home, she took most of the household furniture with her. The immediate cause of the final separation was that the respondent told appellant that he had a girlfriend and that either he or appellant must leave.

The trial court divided the personal property and debts in accordance with the agreement and awarded the home to respondent, ordering him to pay the debt secured by the home.

Since this was a court tried case, we give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(c)(2). When a trial judge sits as a finder of fact, he may believe all, part or none of the testimony of the witnesses. *Arnott v. Kruse*, 730 S.W.2d 597 (Mo.App.1987). Appellate courts must defer to the trial court's judgment unless the judgment is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984); *Potter v. Potter*, 720 S.W.2d 40, 41 (Mo.App.1986).

■ Appellant's primary argument is that the court failed to take into consideration the fact that she had legal custody of her two children, while respondent did not have custody of his children by virtue of any decree of a court. Where nothing in the record indicates that the court failed to take a particular factor into consideration in distributing marital property, such fact issues are considered resolved according to the result reached. *Starrett v. Starrett*, 703 S.W.2d 544, 548 (Mo.App.1985). The statute does not limit the phrase "custody of any children" to children of the marriage. The custody of any children involved, whether by this marriage or a previous marriage, is a factor which the court should consider in deciding which party should be awarded the marital home. On the evidence before the court here, the parties stood on an equal footing as to this factor. Respondent had custody of his children for over two years prior to the hearing. He testified that he and his former wife had agreed to a modification of the decree so that he would have legal custody

as soon as he was able to afford counsel. There was no evidence that respondent's children were likely to return to their mother's custody. It is reasonable to infer that he would retain their custody into the foreseeable future.

A division of marital property does not require an equal division, only that it be fair and equitable. *Levis v. Levis,* 713 S.W.2d 561, 565 (Mo.App.1986). In considering the economic circumstances of the parties and the value of the property set aside to each spouse, the court could reasonably conclude that nothing near a fair and equitable division could be reached unless the same party who was awarded the family home was also ordered to pay the debt secured thereby. As respondent was employed and had been making payments while appellant was unemployed, it appears far less likely that she could keep the payments current. It is desirable to avoid a division of property which might place an unsupportable financial burden on one of the parties. *In re Marriage of Harrison,* 657 S.W.2d 366, 371, (Mo.App. 1983).

The contribution of each of the parties to the marital property was not equal. There was no evidence that appellant had made a significant contribution either as a wage earner or a homemaker, while almost all income had been earned and many significant homemaking duties had been performed by the respondent.

Finally, in considering the conduct of the parties, the infidelity of respondent was offset by the extended, unexplained absences of the appellant.

The record here clearly demonstrates that there was substantial evidence to support the trial court's distribution of the property, and there is no indication that the trial court abused its discretion. *Dardick v. Dardick,* supra; *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 64 (Mo. banc 1983).

The judgment is affirmed.

CROW, C.J., concurs in result, and files concurring opinion.

GREENE, P.J., concurs.

CROW, Chief Judge, concurring.

I concur in the result reached by the principal opinion, but I cannot endorse its statement that the custody of any children involved, whether by this marriage or a previous one, is a factor the court should consider in deciding which party should be awarded the marital home. No authority is cited for that proposition, and I find no Missouri case so holding.

In my view, it is unnecessary to address that question in this case. If custody of a child by another marriage (or liaison) is indeed a factor to be considered in the disposition of the family home in a dissolution proceeding, both parties in the instant case stood on equal footing. At time of trial, appellant had custody of two children born to her as a result of a marriage to another man, and respondent had custody—actual if not "legal"—of two children born to him as a result of a marriage to another woman. Consequently, if those circumstances were proper items for the trial court's consideration, neither party occupied a favored position, thus such circumstances could have had little, if any, effect on the decision regarding the marital home.

The other factors set forth in the principal opinion supply ample support for the trial court's decision to award the home, along with the indebtedness encumbering it, to respondent, particularly inasmuch as appellant concedes, in her brief, that the value of the home does not exceed the amount of the lien.

Therefore, I would not decide, in this case, whether a party's custody of children of another marriage is a factor to be considered in determining the disposition of the family home in a dissolution proceeding. Resolution of that issue should await a case in which a decision on it is essential to the adjudication of the appeal.