**Josephine Ellen FRAME, Appellant,**

v.

**Keith Elwood FRAME, Respondent.**

**No. WD 38764.**

Missouri Court of Appeals,
Western District.

July 7, 1987.

Grace S. Day, St. Joseph, for appellant.

R.E. Moultrop, Bethany, for respondent.

Before GAITAN, P.J., and
SHANGLER and MANFORD, JJ.

GAITAN, Presiding Judge.

Josephine Ellen Frame, appellant herein and respondent in the original action, appeals the division of property in the dissolution of her marriage to Keith Elwood Frame, petitioner below and respondent herein. The original dissolution occurred on September 26, 1984 and judgment was entered on October 5, 1984. An appeal was filed which was dismissed for lack of final judgment because all assets were not considered when distributing the parties' property. *Frame v. Frame*, 696 S.W.2d 332 (Mo.App.1985). Further evidence was heard on July 8, 1986 and a decree was entered on September 4, 1986. This appeal is from the judgment of September 4, 1986.

Josephine Frame (hereinafter referred to as respondent) alleges that the trial court abused its discretion in the division of the marital property and as such violated the provisions of § 452.330 RSMo. We agree, modify the judgment, and affirm the judgment as modified. *See Turley v. Turley,* 640 S.W.2d 473, 475 (Mo.App.1982).

These parties have been married on two occasions. The first marriage of the parties was dissolved in 1972. They remarried

on June 5, 1975, and separated in August, 1983.

■ A dissolution decree dividing the property of the parties must be sustained on appeal unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 822 (Mo. banc 1984). We find that the trial court's decree is against the weight of the evidence and must be modified as set out below.

We are guided by the principles stated in *In re Marriage of Strelow,* 581 S.W.2d 426, 429–30 (Mo.App.1979):

> Two other basic rules govern an appellate court's review of an order distributing marital property. The first of these is that § 452.330 (RSMo Cum.Supp.1975) does not require an equal division of the marital property. The statute's emphasis, instead, is on a division which is just, fair and equitable under the particular circumstances of the parties. The standard for dividing marital property is flexible; there is no pat mathematical formula or method of division which assures a just distribution.
>
> The second rule, a necessary corollary to the first, is that the trial court is vested with considerable discretion in dividing the marital property; 'appellate courts will neither scour and nit-pick the record for accounting error nor second-guess the trial court's balance of the equities ...' (citation omitted) Before an appellate court will disturb the trial court's division under § 452.330, 'it should appear from the record that the trial court erred or abused its discretion in decreeing the division ...' (citation omitted) (footnotes omitted)

When the parties were married the second time, petitioner owned farm land in Harrison County, Missouri, together with a substantial amount of personal property, including livestock valued at $40,090.00, grain and hay valued at $6,220.00, and farm machinery valued at $6,200.00. This property was found by the court to be non-marital and set apart to petitioner. The trial court found that the parties acquired livestock during the marriage worth $15,710.00. The evidence was that prior to the marriage, petitioner owned livestock worth $40,090.00 and at the time of separation the parties agreed that they have livestock worth $65,450.00.[1] Thus, contrary to the trial court's finding, evidence shows that the parties acquired livestock worth approximately $25,360.00 during the marriage ($65,450.00 total livestock owned less $40,090.00 petitioner's nonmarital livestock).

The trial court found the value of farm machinery and implements acquired during the marriage to be $19,200.00. The parties agreed that the value of the farm machinery owned by the parties at the time of separation was $26,100.00. Petitioner testified that at the time the parties married in 1975, he owned $6,200.00 worth of farm machinery. The trial court did not elaborate on how it arrived at the value of $19,200.00 as the marital property. We note that the difference between $26,100.00 and $6,200.00 is $19,900.00. We find no evidence to support a finding that the parties acquired *less* than $19,900.00 in farm machinery and implements during their marriage. The trial court's finding that the value was $19,200.00 is therefore against the weight of the evidence and is modified to be $19,900.00.

The trial court found that the parties acquired hay and grain worth $3,380.00. A review of the evidence shows that at the time of the parties separation, they had corn in storage worth $9,600.00. Prior to their marriage, petitioner had corn, oats, and hay, which was his separate property,

1. At the first trial, Mr. Frame testified only as to the livestock he had at the time of trial and he admitted that he had sold approximately 50 calves and some cows after the parties separated. This Court found that petitioner had not accounted for the proceeds from the sale of the cattle after the separation. *Frame,* 696 S.W.2d at 333. At the hearing on remand, petitioner instead gave the value of the livestock prior to the separation, and thus prior to the sale of the cattle. This figure would therefore include the value of the livestock which were sold after the separation.

worth $6,220.00. We note that the difference between these two amounts equals $3,380.00—the amount of hay and grain which the trial court found to be marital property. Although petitioner testified that he planted corn, hay, and soybeans, the yield was low and he did not cover his costs on the corn or soybeans. Petitioner testified that he believed respondent left before he harvested the hay. Petitioner stated that he only had about 100 bales from the 1983 hay crop, and that the bales worth less than $8.00 per bale. We therefore find the trial court's finding that the value of the hay and grain constituting marital property equaled $3,380.00 is not against the weight of the evidence.

The trial court concluded that the value of marital property attributable to the farm (i.e., farm machinery, livestock, and hay and grain), totaled $38,290.00. We have modified the value of the livestock and farm machinery so that the value of marital property attributable to the farm totals $48,640.00. This total was reduced by the trial court by an operating loan in the amount of $10,000.00 incurred by petitioner for the farm. The net value of the marital property attributable to the farm therefore is $38,640.00.

During the marriage, the parties acquired a 1977 Chevrolet truck and 1983 Chevrolet Caprice automobile. Petitioner testified that he thought that the value of the car was $6,000.00 and the value of the truck was $2,000.00. Petitioner's financial statement dated July, 1983 showed the value of the car to be $10,000.00 and the value of the truck to be $3,500.00. Petitioner stated that he did not agree with the values of the vehicles shown on his financial statement. Petitioner traded in a truck valued at $3,002.00 which was non-marital property as part of the purchase price of the 1977 Chevrolet truck.

The trial court valued the car and truck at $6,200.00 total. There is no indication as to how the court arrived at this value, and an explanation is not readily apparent from the evidence. Given that the value of the vehicles could have been anywhere from $8,000.00 testified to by petitioner and $13,-500.00 shown on petitioner's financial statement, less the $3,002.00 non-marital truck traded-in, the trial court's value is not against the weight of the evidence.

The trial court found the marital value of the household goods and furniture to be $1,800.00. Petitioner and respondent assigned divergent values to the household property. The value given by the trial court is within the range given by the parties and we will not disturb the court's finding.

Although the farm land was the nonmarital property of petitioner, respondent testified that three payments of $800.00 constituting marital funds were made on the land during the marriage. Petitioner testified that he did not recall these payments being made. The trial court found that these payments should be included in the value of the marital estate, but the court found these payments to total $2,100.00. If the court believed respondent's testimony that the payments were made, then the only evidence as to the amount of the payments showed the total to be $2,400.00, not $2,100.00. The decree is modified to reflect the value of the payment of marital funds on the land to be $2,400.00.

A business building located in Bethany, Missouri, was purchased on February 6, 1980, at a cost of $23,000.00 to $25,000.00. The title was vested in Keith Frame and Linda Ellis, a step-daughter of the petitioner, as joint tenants. Petitioner paid $10,-000.00 of the cost in cash and the balance was financed. A promissory note secured by a first deed of trust lien was executed by petitioner, joined by the step-daughter. The original cost of this property was determined by the court to have been $24,-030.00. There was testimony that Linda Ellis operated a restaurant in the building for approximately a year and that payments on the loan were made by Linda Ellis during that period of time.

On March 4, 1981, Linda Ellis conveyed her interest in the building to petitioner. At some point, petitioner sold the restaurant equipment in the building for $2,331.00. Petitioner testified that he used this money to pay on the building. There-

after, petitioner made the payments on the building. On September 13, 1982, respondent and petitioner sold the building for $35,000.00. The sum of $4,000.00 was paid in cash and the parties received a note and deed of trust on the balance of $31,000.00. The trial court deducted $24,030.00 from the total sale price of $35,000.00, leaving an amount of $10,970.00 which the trial court considered to be marital property.

Section 452.330.3 RSMo provides that all property acquired by either spouse subsequent to the marriage is presumed to be marital property regardless of how title is held. In determining whether property is marital or separate, the courts look at the source of funds used to acquire the property. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 825 (Mo. banc 1984).

There was no evidence by petitioner that the down-payment or the payments on the note for the building were made from petitioner's non-marital funds. The value of petitioner's nonmarital property shown on his January, 1975 financial statement was not reduced so as to indicate that non-marital property was used to purchase the building. Petitioner thus offered no evidence to rebut the presumption of marital property under § 452.330.3. Therefore, the entire property is marital property and the sale price of $35,000.00 should be considered as marital property.

Respondent maintains that the $2,331.00 proceeds from the sale of equipment should be treated as marital property. Petitioner, however, accounted for these proceeds as being used to pay the note on the building. Respondent also claims that the interest on the $31,000.00 note received by the parties on the sale of the building should be considered to be an item of marital property worth $20,000.--25,000.00. Respondents argument ignores that petitioner will receive the payments over a period of years, while respondent is receiving her full share of the $35,000.00 proceeds from the petitioner now. The value to respondent receiving the money now, as opposed to over a period of years, should adequately account for the interest petitioner will receive on the $31,-000.00 note.

The trial court found the value of all property acquired during the marriage to be $49,360.00, exclusive of any outstanding debt. The court went on to conclude that one-half that sum, or $24,680.00, was the net amount to which respondent was entitled. The court further directed that the sum of $24,680.00 should be reduced by $15,400.00 already paid by petitioner pursuant to the initial decree of October 5, 1984, leaving a balance of $9,280.00, for which judgment was entered in favor of respondent.

We find that the trial court's decree should be modified as follows. The net value of all the marital property, exclusive of the $10,000.00 operating loan assumed by petitioner, is equal to $84,040.00. Respondent is awarded the cash equivalent of one-half of the marital property, equaling $42,020.00, less credit to petitioner in the amount of $15,400.00 already paid by petitioner pursuant to the trial court's order of October 5, 1984. Judgment is entered in favor of respondent for $26,620.00.

The judgment of the trial court is affirmed as modified by this opinion.

All concur.