Barbara Jean BERG,
Plaintiff–Respondent,

v.

Edward Y. BERG, Defendant–Appellant.

No. 55064.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 18, 1989.

Gary S. Heggs, St. Charles, for defendant-appellant.

Robert O. Appleton, Jr., Clayton, for plaintiff-respondent.

PUDLOWSKI, Chief Judge.

This is an appeal from a decree of dissolution of the marriage of appellant, Edward Y. Berg, and respondent, Barbara Jean Berg, entered on May 27, 1988 by the Honorable John F. Kintz. Appellant and respondent married on July 3, 1976, and separated in September of 1985.

Appellant claims the division of marital property is unjust because of the trial court's failure to consider appellant's separate contribution to the marital house. In February of 1976, appellant entered into a contract to purchase a residential house located at 11636 Norgate, St. Louis, Coun-

ty, Missouri. On September 15, 1976, appellant used $20,000 of his separate monies to make the down payment. Appellant obtained these funds by expanding the "floor plan" of his used car dealership and pledging $30,000 in bonds owned by his grandmother. Later, foreclosure upon appellant's used car "floor plan" required that the $20,000 down payment be repaid to appellant's grandmother. To do so, both appellant and respondent signed a promissory note from Landmark Bank, North County, for a principal sum of $20,000. This loan was repaid in full in 1985.

In dividing the marital property, the trial judge found the residential house to be valued at $85,000, less indebtedness of $32,000, leaving a net equity of $53,000. This house and vacant lot valued at $5,000 were both awarded to appellant, along with various other personal items. However, appellant was required to pay respondent $29,000. Respondent also received an assortment of personal property. In determining the amount of the $29,000 payment, the trial judge considered the nature of the assets each party was receiving and attempted to divide the marital property into approximately equal shares. Apparently, appellant views the determination of this $29,000 amount as resting exclusively on the valuation of the residential house, and therefore, as unfair.

■ Appellate review of court-tried cases is governed by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment must be affirmed unless it is without substantial evidence to support it, is against the weight of the evidence, or erroneously declares or applies the law. *See e.g. Blessing v. Blessing*, 539 S.W.2d 699, 702 (Mo.App.1976), *Davis v. Davis*, 693 S.W.2d 879, 881 (Mo.App.1985). The appellate court should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Murphy v. Carron*, 536 S.W.2d at 32. A division of marital property does not require an equal division, only that it be fair and equitable.

*Fowler v. Fowler*, 732 S.W.2d 235 (Mo.App. 1987), *Levis v. Levis*, 713 S.W.2d 561 (Mo. App.1986). Furthermore, it is desirable to avoid a division of property which might place an insupportable financial burden on one party. *Fowler v. Fowler*, 732 S.W.2d 235 (Mo.App.1987).

■ Appellant argues that the trial court did not consider appellant's premarital contribution to the purchase of the marital home and therefore the property division is not fair and equitable. Also, that the $29,000 lien against the marital house unfairly burdens appellant because he has no substantial asset nor adequate income to pay off the lien. Thus, appellant would be forced to sell the marital house and incur other incidental costs. However, appellant fails to consider his experience in financial dealings, in operating a used car dealership, in establishing two corporations, and the existing equity of approximately $53,000 in the marital house. Moreover, the trial court is vested with considerable discretion in ruling on a division of assets, and its judgment will not be disturbed absent a firm belief that an error has been made. Section 452.330.1, RSMo (1989 Supp.), *In re Marriage of Strelow*, 581 S.W.2d 426, 430 (Mo.App.1979).

■ The factors to be considered in dividing property upon marital dissolution is set out by statute, § 452.330 RSMo 1989. The trial court shall divide the marital property as the court deems just after considering all relevant factors such as: (1) the economic circumstances of each spouse at the time the division of property is to become effective, (2) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker, (3) the value of the non-marital property set apart to each spouse and (4) the conduct of the parties during the marriage. Appellant expects a share of the property which reflects appellant's separate property contribution of $20,000. However, this down payment was converted to a joint personal loan after marriage and was paid back by marital funds. The spouse seeking to rebut the statutory presumption of marital property

**250**

carries the burden of proof. § 452.330.3; *McDowell v. McDowell*, 670 S.W.2d 518, 523 (Mo.App.1984). This treatment is consistent with *Mika v. Mika*, 728 S.W.2d 280 (Mo.App.1987), where the appellate court stated that property acquired prior to the marriage by a loan becomes marital property to the extent that martial funds are used to pay off the loan. Implicit in a review of § 452.330 and a division of property is consideration of how *all* the property is distributed. Appellant's attempt to restrict the issue to the division of one piece of property distorts the trial court's disposition of all the property. Appellant has failed to show any error of the trial court or unfairness in the division of marital property.

Affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.